# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ALAN McCAFFERY, et al.,**
    **Plaintiffs,**

v.                                                                                                       Case No. 14-C-0877

**DIRECTV, LLC, et al.,**
    **Defendants.**

## ORDER

In the present case, a number of current and former satellite installation technicians bring claims against DIRECTV, LLC and DirectSat USA, LLC, under the Fair Labor Standards Act and state wage-and-hour laws. On July 27, 2015, I issued an order on the defendants' motion to dismiss the plaintiffs' consolidated class action complaint. I granted the motion in part, but allowed most of the plaintiffs' claims to proceed. One claim that I allowed to proceed was plaintiff Kyle Williams's claim under the Illinois Employee Classification Act ("IECA"). The IECA makes it unlawful for an entity engaged in "construction" to fail to classify an individual as an employee if that person is in fact an employee rather than something else, such as an independent contractor. 820 Ill. Comp. Stat. 185/5, 185/20. In moving to dismiss this claim, the defendants argued that they were not engaged in "construction," and that therefore the IECA did not apply to them. However, I found that the allegations of the complaint gave rise to a reasonable inference that the defendants engaged in "construction" as defined by the IECA. I noted that the IECA defines construction in very broad terms, and that the definition included "adding to . . . any building or structure," *id.* § 5, which could

encompass installing satellite dishes on buildings. Thus, I concluded that the complaint stated a claim for violation of the IECA.

After I issued this decision, the Northern District of Illinois issued an order on a motion to dismiss filed by DIRECTV and DirectSat in a similar case pending in that court. *See Anaya v. DIRECTV, LLC*, No. 14-cv-5703, 2015 WL 5896171 (N.D. Ill. Sept. 23, 2015). In that order, the court dismissed the plaintiffs' claims under the IECA. *Id.* at *4–5. The defendants now ask me to reconsider my refusal to dismiss Kyle Williams's claim under the IECA in light of the Northern District of Illinois's decision in *Anaya*. However, I will not do so. That case does not contain any reasoning that suggests that my analysis of Williams's claim was incorrect. Rather, *Anaya* merely states that the defendants in that case "are not alleged to be contractors engaged in construction." *Id.* at *5.

Accordingly, **IT IS ORDERED** that the defendants' motions for reconsideration (ECF Nos. 99 & 100) are **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of April, 2016.

                              s/ Lynn Adelman
                              _____
                              LYNN ADELMAN
                              District Judge